UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BLEVINS, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br><br>CAPITAL ALLIANCE GROUP,<br><br>             Defendant. | Case No: 2:18-cv-00364-EAS-KAV<br><br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM DEFAULT<br><br><br>Hon. Judge Edmund A. Sargus<br>Hon. Magistrate Kimberly A. Jolson |

## I.     NOTICE OF MOTION

TO THE COURT, THE CLERK OF THE SOUTHERN DISTRICT OF OHIO, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55,  before the United States District Court for the Southern District of Ohio – Eastern Division, located at the Joseph P. Kinneary U.S. Courthouse, Room 301, 85 Marconi Boulevard, Columbus, OH 43215, the Honorable Chief Judge Edmund A. Sargus, Jr. presiding, Defendant Capital Alliance Group ("Defendant") will, and hereby does move this Court for an order granting relief from the Clerk's entry of Defendant's default. Dkt. No. 6.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Law, the Declaration of William R. Restis and exhibits thereto, the Declaration of Narin Charan, all accompanying papers, pleadings and records on file in this action, and any further evidence or argument that may be presented before or at the hearing on this Motion.

## II.     INTRODUCTION

Defendant Capital Alliance Group ("Defendant" or "Capital Alliance") hereby seeks relief from the Clerk's entry of default. *See* Dkt No. 6 (Entry of Default). Upon receiving Plaintiff Jeffrey Blevins' ("Plaintiff" or "Blevins") class action Complaint for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), Defendant's CEO mistakenly believed that it would be economically rational to pay a default judgment of $1,500 rather than hire Defendant's attorney to defend. *See* Declaration of Narin Charanvattanakit ISO Motion for Relief from Default ("Charan Decl."), ¶¶ 4-5. As soon as Mr. Charan learned that Plaintiff could seek, and in fact *intends to* seek, a default judgment on behalf of the class pled in the Complaint, he promptly requested that Defendant's California counsel seek relief from default. *Id.*, ¶ 6;  Declaration of William R. Restis ISO Motion for Relief from Default ("Restis Decl."), ¶ 2. That same day, Defendant's California counsel – Mr. Restis –

1

called Plaintiff's counsel and notified Plaintiff of Defendant's intent to defend this case. Restis Decl., ¶ 2.

Because of the *strong policy favoring decisions on the merits*, and to avoid burdening the Court with briefing on this issue, Mr. Restis requested that Plaintiff stipulate to a response deadline of July 13, 2018. *Id.*, ¶¶ 2, 4. Plaintiff's counsel refused. *Id.*, ¶ 4. Because of the Fourth of July holiday, Defendant was not able to retain local counsel until July 12, 2018. *Id.*, ¶ 5. Although Defendant's failure to timely respond to the Complaint was poor judgment, there is no evidence that Defendant engaged in "culpable conduct."

And as will be shown through the course of this litigation, Defendant does not violate the TCPA. Defendant is prepared to answer the Complaint with denials and defenses that operate as a complete bar to Plaintiff's claims. *See* Restis Decl., Ex. A (Proposed Answer). As such, Defendant has presented defenses that are "good at law" and establish a "meritorious defense" to Plaintiff's Complaint.

And this is not a mere individual lawsuit, but a putative class action. Plaintiff has alleged a class that overlaps with a previously certified and settled class action brought in the Southern District of California. *See* Restis Decl., Ex. B (Final Approval Order in *Bee, Denning, Inc. v. Capital Alliance Group*, No. 13-cv-2654 [S.D. Cal.] [the "*Bee* Settlement"].) Pursuant to that Settlement, the Southern District of California "reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the [*Bee*] Settlement.". *Id.*, at p. 4. Accordingly, Plaintiff's claims (and the claims of the putative class) should have been brought in the Southern District of California.

Moreover, if Defendant is not relieved from default "Plaintiff intends to move for class certification and then a default class judgment." Plaintiff's Response to OSC, Dkt No. 7, at p. 2. Because Plaintiff has appeared and is willing to defend, it is improper to grant default on behalf of a class.

Finally, Defendant's counsel offered a stipulated response deadline within 40 days from the original deadline. In the context of a complex class action, and the norms of professional courtesy, such

2

extensions are routinely granted. By the time this motion is heard and decided, the case could have been at issue. For this reason, Plaintiff will not suffer any prejudice from relief from default.

All factors thus weigh in favor of vacating default and proceeding to the merits. Accordingly, Defendant respectfully requests that this Court grant relief from default, and grant Defendant leave to answer Plaintiff's Complaint.

## II.    ARGUMENT

### A.    STANDARDS FOR RELIEF FROM ENTRY OF DEFAULT

Entry of default may be set aside "for good cause shown." FED. R. CIV. P. 55(c). To determine "good cause", a court must consider three factors: "whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing cases). "It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir. 2003).

Courts including the Sixth Circuit have instituted a lower threshold for relief from *entry* of default as opposed to a default judgment. *$ 22,050.00 United States Currency*, 595 F.3d at 324 (explaining that relief from default judgment is a "stricter standard"); *Mfrs.' Indus. Relations Ass'n. v. East Akron Casting Co.,* 58 F.3d 204, 208 (6th Cir. 1995) (recognizing that motions to set aside entries of default are to be granted more liberally than motions to set aside default judgments).

In the final analysis, "any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on their merits." *Simmons v. Ohio Civil Serv. Emp. Assoc., AFSCME Local 11*, 210 F.R.D. 207, 208 (S.D. Ohio 2002) citing *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 846 (6th Cir. 1983).

### i.    Defendant Did Not Engage In Culpable Conduct

In the context of Rule 55(c), "failure to act reasonably is not enough to sustain a default." *$ 22,050.00 United States Currency*, 595 F.3d at 327. It is not necessary that "the reason for the delay in filing a responsive pleading be excusable." *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194 (6th Cir. 1986). Conduct must be "culpable." To be treated as culpable, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

Capital Alliance has been struggling financially since 2016. Capital Alliance has negative net revenues. Charan Decl., ¶ 4. When Capital Alliance was served with Plaintiff's Complaint, "incurring additional legal costs [would] make continuing as a going concern increasingly difficult." *Id.* Upon reviewing Plaintiff's Complaint, Capital Alliance's CEO "noticed that Plaintiff [] alleged he received a single call from Capital Alliance. It was [his] understanding that failing to respond to the Complaint would allow Plaintiff to obtain a judgment for his maximum amount of alleged damages, or $1,500." *Id.*, ¶ 5. Capital Alliance's CEO "compared this against the cost of retaining Capital Alliance's attorney to defend this action, and [then] made an economic decision that it would be more cost effective to pay a default judgment. [He] was unaware that Plaintiff could seek, and potentially obtain a default judgment on behalf of a class." *Id.*.

Capital Alliance's CEO "first discussed this litigation with Capital Alliance counsel William Restis on June 28, 2018. After consultation with counsel, [he] understood for the first time that Plaintiff could seek, and in fact intends to seek, a class action default judgment." *Id.*, ¶ 6. "Upon learning this fact, [he] immediately retained Mr. Restis to appear and defend this action." *Id.*, ¶ 7. As soon as Defendant's counsel learned this fact, he immediately contacted Plaintiff's counsel to seek relief from default. Restis Decl., ¶ 2.

In a similar situation, the Ninth Circuit found that:

4

> [Defendant]'s failure to respond allowed him neither to "take advantage" of the federal government, nor to "manipulate the legal process." The only outcome that such a failure could have earned him was what he received: a default and a heightened possibility of the loss of his property, … In contrast, behavior that we have found culpable usually involves conduct by parties that is calculated to help them retain property in their possession, and avoid liability by staying out of court: for instance, when companies act to avoid service in order to thwart their customers' attempts to bring suit against them.

*United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1093-94 (9th Cir. 2010).

Because there was at most a failure to act reasonably, default should be set aside.

### ii. Defendant Has A Meritorious Defense

In the Sixth Circuit, a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (citations omitted). The Sixth Circuit considers a defense meritorious "if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *$ 22,050.00 United States Currency*, 595 F.3d at 326 citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003).

The moving defendant does not need to support the defense by "detailed factual allegations." *$ 22,050.00 United States Currency*, 595 F.3d at 326. "Instead, all that is needed is 'a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* This is because "likelihood of success is irrelevant." *Id.* (considering only averments in defendant's answer to determine whether there was a meritorious defense).

In this case, Defendant's proposed Answer provides a complete defense. *See* Restis Decl., Ex. A. Defendant denies it uses an "automatic telephone dialing system" or makes calls using an "artificial or prerecorded voice." *Id.*, at Answer to Complaint Paragraphs 37, 61, 65 ("Defendant utilizes a 'point-and-click' dialing system, paired with a cloud-based pass-through service that requires human intervention at every step. Defendant does not make calls using a pre-recorded voice.") This is fatal to Plaintiff's – and the Class' – claims. *See* 47 U.S.C. § 227(b)(1)(A); *also Marshall v. CBE Grp., Inc.*,

5

2018 U.S. Dist. LEXIS 55223, at \*10-21 (D. Nev. Mar. 30, 2018) ("the overwhelming weight of authority applying this element hold that 'point-and-click' dialing systems, paired with a cloud-based pass-through services, do not constitute an ATDS as a matter of law in light of the clicker agent's human intervention.")

Plaintiff's claims predicated on alleged calls to phone numbers on the *National Do Not Call* ("NDNC") list are also without merit. This is because Defendant denies making calls to *residential* phone numbers, only to publicly listed numbers for *businesses*. Restis Decl., Ex. A, at Answer to Complaint Paragraphs 69, 73 ("Defendant does not make calls to 'residential' telephone numbers, only to publicly listed business numbers.") Plaintiff lists his number as a business. *See* Complaint, ¶ 27 ("Plaintiff Blevins is the owner and sole proprietor of Interior Creations, a small business that performs home remodeling and improvement projects.")

But there cannot be any NDNC violations to business telephone numbers. *Morris v. Unitedhealthcare Ins. Co.*, 2016 U.S. Dist. LEXIS 168288, at \*30 (E.D. Tex. Nov. 8, 2016) (the National Do Not Call List rules in the TCPA "only apply to residential telephone numbers.") citing 47 C.F.R. § 64.1200(c)(2); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 387 (M.D.N.C. 2015) ("These rules only apply to residential telephone numbers; calls to business are not actionable.")

As stated above, a default judgment is also not appropriate because the Southern District of California has "exclusive and continuing jurisdiction and venue" over Plaintiff's claims. *Cf.* Complaint, ¶ 43 ("Class Definitions" on behalf of "All persons in the United States and its Territories who, since April 20, 2014 received one or more telephone solicitation calls on their cellular telephone from or on behalf of Capital Alliance Group...") (emphasis added) *with Bee* Settlement, Restis Decl., Ex. B, at ¶ 2 (Class definition of "All persons or entities in the United States who, on or after November 5, 2009, received a call on their cellular telephone...") (emphasis added).

As part of the *Bee* Settlement, the Southern District of California also issued an injunction which Plaintiff's Complaint implicitly asserts is being violated. *Cf.* Restis Decl., Ex. B, at p. 4-5 ¶ H *with*

Compl., ¶¶ 1-2, 29, 43. But Defendant avers it is in compliance with the *Bee* Settlement. Restis Decl., Ex. A at Answer to Paragraphs 37, 61 and 65 ("Defendant is in compliance with the Order Granting Motion for Final Approval of Class Action Settlement in *Bee*...") As the Eastern District of Tennessee noted, "generally speaking a district court that enters a consent  decree and retains enforcement jurisdiction in all probability has exclusive jurisdiction over claims relating to it." *Boys v. Mass Mut. Life Ins. Co.*,  2013 U.S. Dist. LEXIS  103242, at *10-11 (E.D. Tenn. July 24, 2013) (granting motion to transfer pursuant to 28 U.S.C. § 1404[a].)

Finally, relief from default is appropriate because Plaintiff pleads his case as a class action. On default, the elements of Rule 23 are not presumed, but must be supported by evidence. *See e.g., Leider v. Ralfe*, 2003 U.S. Dist. LEXIS 21159, at *21 (S.D.N.Y. Mar. 3, 2003); *Trull v. Plaza Assocs.*, 1998 U.S. Dist. LEXIS 14195, at *3 (N.D. Ill. Sep. 1, 1998). Plaintiff has no evidence to substantiate his burden, nor could it, because - for reasons that will become clear as this litigation proceeds - Plaintiff's class is not certifiable. By way of example only, Plaintiff has no evidence of class size, so is unable to prove up class-wide damages.  Plaintiff has no evidence to establish typicality or predominance. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011*)* ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule--that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.")

And Plaintiff cannot establish the superiority requirement because the Southern District of California maintains "exclusive and continuing jurisdiction" over issues related to Defendant's practices.

        iii.      <u>Plaintiff Will Not Be Prejudiced</u>

To establish prejudice, vacating a default must result in greater harm than simply delaying resolution of the case. *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir. 1983). Instead, the plaintiff must show that any delay "will result in the loss of evidence, increased

difficulties in discovery, or greater opportunities for fraud and collusion." *United States v. Bichard Farm Family*, 2009 U.S. Dist. LEXIS 66838, at \*4-5 (S.D. Ohio Aug. 3, 2009) (citing cases).

Here, the passage of time has been *de minimus* in the context of a complex class action, and Defendant is ready to answer. In fact, had Plaintiff not insisted on pursuing default, this case would now be at issue. Thus, there is no prejudice to Plaintiff.

### III.     CONCLUSION

The Court should grant Defendant relief from default.

Respectfully submitted,


DATED: July 13, 2018

_/s/Nathan D. Painter
Nathan D. Painter (0076274)
**PAINTER & ASSOCIATES, LLC**
5123 Norwich St., Ste. 200
Hilliard, Ohio 43026
Phone: 614.319.3306
Fax:    614.594.7170
Email: nathan@painterandassociates.com
*Local Counsel for Defendant*


s/ William R. Restis
William R. Restis, Esq.
THE RESTIS LAW FIRM, P.C.
(*pro hac vice forthcoming*)
550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Email: william@restislaw.com
*Trial Counsel for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2018, the foregoing Motion was filed electronically with the Southern District of Ohio.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's filing system.  Parties who do not receive filing via the Court's electronic filing system will receive a copy by regular U.S. mail

_/s/Nathan D. Painter_____
Nathan D. Painter (0076274)

9