UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BLEVINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br>CAPITAL ALLIANCE GROUP,<br><br>Defendant. | Case No: 2:18-cv-00364-EAS-KAJ<br><br><br>Hon. Judge Edmund A. Sargus, Jr.<br>Hon. Magistrate Kimberly A. Jolson |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT**

I. **DEFENDANT'S CONDUCT IS NOT CULPABLE**

Plaintiff Jeffrey Blevins ("Plaintiff") is right about one thing: "Defendant is a seasoned and frequent TCPA litigant." Opposition, Doc # 10, at p. 3. But it is not by choice. As a company whose business has a tangential telemarketing component, defendant Capital Alliance Group ("Capital Alliance" or "Defendant") is sued multiple times each year by enterprising plaintiffs' firms seeking to make a quick dollar from the TCPA's statutory damages.[1]

It doesn't matter that Capital Alliance carefully structures its calling procedures to be TCPA compliant. *See* Restis Declaration ISO Reply to Motion for Relief from Default ("Restis Reply Decl."), Ex. A at *passim* (Capital Alliance CEO Narin Charan Declaration in *Northrup v. Capital Alliance Group*, No. 8:18-cv-23-JLS-DFM). These lawsuits always come with a shakedown settlement demand. As a small business with no profits, Defendant's CEO is faced with a Catch-22; pay the settlement demand (invariably over $10,000 per lawsuit) or pay even more to defend. *See* Charan Declaration, Doc # 9-2, at ¶ 4 ("Capital Alliance has been struggling financially since 2016. Capital Alliance has negative net revenues, so incurring additional legal costs make continuing as a going concern increasingly difficult"). This is the backdrop of Defendant's default; a small business owner acting *pro se* to minimize mounting legal bills and oppressive settlement demands. *See Braden v. Engineered Paint Applications, LLC*, 2017 U.S. Dist. LEXIS 125718, at *22-23 (W.D.

---

[1] *See* U.S. CHAMBER OF COMMERCE, INSTITUTE FOR LEGAL REFORM, *TCPA Litigation Sprawl A Study of the Sources and Targets of Recent TCPA Lawsuits* (Aug. 2017) https://www.instituteforlegalreform.com/uploads/sites/1/TCPA_Paper_Final.pdf, at p. 1 ("In recent years American businesses have been besieged by litigation under the TCPA. A central theme with the unchecked expansion of the TCPA's prohibitions is that it is not the unscrupulous scam telemarketers that are targeted by TCPA litigation, but rather legitimate domestic businesses…. Indeed, well-intentioned companies and small businesses have increasingly been pulled into lawsuits claiming staggering, and potentially annihilating, amounts of statutory damages… Further, businesses are facing confusing and conflicting case law on the TCPA.")

Tenn. Aug. 9, 2017) ("The Court would add that at the time [plaintiffs] tendered their offers of settlement, [defendants] were acting *pro se*, a factor for the Court to consider in its good cause determination for setting aside a default. … [¶] … While a reasonable *pro se* party should have taken steps to make a formal appearance before the Court and requested more time to file an answer, the Court cannot say that [defendants] showed reckless disregard for the proceedings. The parties were engaged in negotiations.")

While Plaintiff attempts to paint Capital Alliance as a culpable and recidivist TCPA violator, a careful review of the cases cited by Plaintiff show exactly the opposite. For example, Plaintiff references *Bee, Denning, Inc. v. Capital Alliance Group*, in which the Southern District of California presided over a certified class action that included Plaintiff's claims. Case No. 13-cv-2654 (S.D. Cal.) The Plaintiffs in *Bee* spent three years attempting to prove Defendant violated the TCPA. They were unable to uncover *any* TCPA violations, and so settled for injunctive relief that *reiterated Defendant's existing practices*, with *no money for the class and no attorney fees*. *Bee* Final Approval Order, Restis Decl., Doc # 9-1, at pp. 4-5.

Plaintiff points to another class action against Defendant as evidence of culpability: *Northrup v. Capital Alliance Group,* Case No. 8:18-cv-00023-JLS-DFM (C.D. Cal.). In that case, nearly identical to this one, default occurred when Defendant's CEO was *pro se* providing voluntary discovery to Northrup's counsel evidencing complete TCPA compliance. Restis Reply Decl., Ex. A and B (Charan and Restis Declarations ISO Relief from Default in *Northrup*). After Defendant rebuffed Northrup's *individual* settlement demands (Restis Reply Decl., Ex. A, at ¶ 17, 20, 23), and the court found that "all three factors weigh in favor of setting aside the entry of default," Northrup

dismissed his case the same day. *See* Restis Reply Decl., Ex. C (Order Vacating Default) and D (Notice of Dismissal).

The pending *Neumeyer v. Capital Alliance Group*, Case No. 13-cv-2654 (S.D. Cal.) class action is no different. Neumeyer's counsel is insisting on a large *individual* settlement in exchange for dismissing *class* claims. Restis Reply Decl., ¶ 7 and Ex. E. And while any settlement discussions in this case are confidential, the pattern is the same. Once TCPA plaintiffs confront the necessity of proving their case, the façade of class litigation crumbles away but exorbitant individual settlement demands remain. *Cf. Braden, supra*, 2017 U.S. Dist. LEXIS 125718, at *22-23.[2]

Considering the above, Defendant reiterates that the conduct of its CEO was absolutely poor judgment, but not culpable conduct warranting the draconian remedy of a default judgment. For example, in *Default Systemes, S.A. v. Childress,* 663 F.3d 832 (6th Cir. 2011), the Sixth Circuit found no culpability even after the *pro se* plaintiff "ignore[d] two court orders that he file an answer." *Id.,* at 841. The Sixth Circuit found "it was possible" that the defendant was "intentionally undermining the proceedings." *Id.* However, the Sixth Circuit found it "more likely" that "as a *pro se* litigant, [the defendant] was merely attempting to navigate the none-too-intuitive labyrinth of procedural rules." *Id.* The *Childress* court also found that filing a motion for relief from default "within a reasonable time after the district court entered the [default] order… weighs against the [district] court's finding that [defendant] was intentionally disrespectful of the court proceedings." *Id.* "Taking these facts in the light most favorable to [the defendant] as our precedent requires, we do

---

[2] Under FED. R. EVID. 408(a), Plaintiff's individual settlement demands are not admissible to establish the validity or amount of Plaintiff's claims. However, they are admissible for other purposes, such as to establish inadequacy of representation under Rule 23, or whether "good cause" exists to lift default. *Id.*, 408(b).

not believe that the culpability factor weighs as heavily in the equation as the district court concluded." *Id.*

The facts here, weighed in the light most favorable to Capital Alliance (*Childress* at 841), similarly show a lack of true culpability. Although Defendant has an attorney, it cannot afford to defend, and so its CEO foolishly attempted to "navigate the none-too-intuitive labyrinth of procedural rules" by himself. Charan Decl., Doc # 9-2, at p. 4-7. As soon as Defendant's CEO informed his counsel, Capital Alliance promptly moved to set aside the default. *Id.*

Conversely, conduct found to be culpable is generally extreme. For example, in *Victoria's Secret Stores v. Artco Equip. Co.,* 194 F.Supp. 2d 704 (S.D. Ohio 2002), the Honorable Judge Smith found that the defendant "displayed an intent to thwart judicial proceedings" where it (1) caused delay of more than four months before retaining counsel a mere 20 hours before hearing on a motion for default judgment, (2) made implausible claims about an inability to locate and retain counsel, and (3) made "deliberate attempts to evade service." *Id.*, at 732-36. There is no evidence of that here. *See also United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1093-94 (9th Cir. 2010) (finding culpable conduct must be "calculated to help them retain property in their possession, and avoid liability by staying out of court: for instance, when companies act to avoid service in order to thwart their customers' attempts to bring suit against them.")

And even if Defendant's conduct could be considered "culpable," the Sixth Circuit has made clear that "a district court abuses its discretion in denying a motion to set aside an entry of default when … the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir. 2003); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)

(same, vacating entry of default even when conduct of defaulting party was "careless and inexcusable" because it is "not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c).")

Here, Defendant satisfies both requirements.

## II.     DEFENDANT HAS ALLEGED DEFENSES "GOOD AT LAW"

Capital Alliance's Motion reveals that if default is lifted, it is prepared to answer with averments, that if proved true, would operate as a complete bar to liability. Motion at pp. 5-6. This is the standard under FED. R. CIV. P. 55(c) for asserting defenses that are "good at law." *Trs. of the Detroit Carpenters Fringe Benefit Funds v. Manninen*, No. 92-1762, 1994 U.S. App. LEXIS 1387, at *9 (6th Cir. Jan. 24, 1994) ("The merit of a proposed defense is not appraised with respect to the likelihood of its success.") (citing cases).  Under controlling case law, this is all that is required. *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006); *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003).

Recognizing this, Plaintiff asks the Court to disregard Defendant's averments and weigh the plausibility of Defendant's answer and the "evidence" Plaintiff offers in rebuttal. For example, Plaintiff relies on his Complaint and a declaration from counsel to claim that "on numerous occasions" he received a "voice mail… from 'Rachel,'" without providing any basis to infer that such voice mails were "pre-recorded." Opposition at p. 5, citing Complaint and Wilson Declaration. Even though Plaintiff has not deposed "Rachel" or addressed Capital Alliance's use of call scripts, this effort to rebut Defendant's meritorious defenses has been explicitly rejected by the Sixth Circuit. *$ 22,050.00 United States Currency*, 595 F.3d at 326. ("likelihood of success is irrelevant.")

For this reason, the Court should also reject Plaintiff's invitation to disregard the apparently undisputed fact that Mr. Blevins publicly lists his phone number as a business line. Without any citation to case law, Plaintiff asks the Court to disregard Defendant's cases and adjudicate on the merits whether Mr. Blevins has a "Do Not Call List" claim. *Morris v. Unitedhealthcare Ins. Co.*, 2016 U.S. Dist. LEXIS 168288, at *30 (E.D. Tex. Nov. 8, 2016) (the National Do Not Call List rules in the TCPA "only apply to residential telephone numbers") citing 47 C.F.R. § 64.1200(c)(2); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 387 (M.D.N.C. 2015) ("These rules only apply to residential telephone numbers; calls to business are not actionable.") But again, this is not the proper inquiry on a motion for relief from default.

Moreover, Plaintiff's Complaint makes repeated boilerplate allegations that Capital Alliance initiates calls using an "automatic telephone dialing system" or "ATDS." *See* Complaint, ¶¶ 37, 61, 65. In response to Defendant's answer that it does not utilize an ATDS, Plaintiff asserts that "the nature of the dialing system is irrelevant, since sending an unsolicited pre-recorded message is a violation." Opposition at p. 4 (emphasis added). But it is not irrelevant, because Plaintiff has filed a class action lawsuit seeking millions of dollars in statutory damages for essentially every call ever made by Defendant.

Plaintiff thus appears to concede it had no good faith basis to allege Capital Alliance uses an ATDS when making calls. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the Court a pleading" party filing document certifies it has made "an inquiry reasonable under the circumstances" and that "the factual contentions have evidentiary support.") Given the tremendous cost of responding to these allegations, and the discovery that will inevitably result, this troubling fact alone should be enough to grant relief from default.

### III. PLAINTIFF WILL NOT BE PREJUDICED

Mr. Blevins asserts that "[u]nder Defendant's theory of prejudice, so long as a defaulting party is *then* ready to defend the case, there could be no prejudice…" Opposition at 6. According to Plaintiff, "under such a reading, the prejudice prong would swallow the other prongs…" *Id.* But Plaintiff offers no case law to support this novel theory, likely because there is none. *See Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club*, 2003 U.S. Dist. LEXIS 27460, at *87 (S.D. Ohio Sep. 2, 2003) (rejecting argument because "[t]he Plaintiffs have not cited a single case in support of their argument. This is to be expected, of course, as the argument lacks any support in the case law.")

Since Plaintiff has failed to show that the minimal delay "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion," he has failed to establish prejudice. *United States v. Bichard Farm Family*, 2009 U.S. Dist. LEXIS 66838, at *4-5 (S.D. Ohio Aug. 3, 2009) (citing cases). The opposite is true, as Plaintiff concedes there is no prejudice by asking this Court to "proceed to limited, focused discovery on the question of class certification." Opposition at p. 7. In addition, the parties have moved forward with the Court ordered 26(f) conference, further discrediting Plaintiff's claims of prejudice. Restis Reply Decl., ¶ 8; *cf.* Doc # 11 (Notice of Preliminary Pretrial Conference). *See also Braden v. Engineered Paint Applications, LLC,* , 2017 U.S. Dist. LEXIS 125718, at *25 (W.D. Tenn. Aug. 9, 2017) citing *Default Systemes, S.A. v. Childress,* 663 F.3d 832, 842 (6th Cir. 2011) ("Standing alone, delay or the increased costs of litigation do not suffice to establish prejudice.")

### IV. CONCLUSION

Because of the strong preference for resolving disputes on their merits, and because Defendant has shown "good cause" under Fed. R. Civ. P. 55(c), Defendant respectfully requests the Court vacate the Clerk's entry of default and grant it leave to respond to the Complaint. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (due to the "harsh sanction of default", there is a "strong preference for trials on the merits in federal courts.")

                                                   Respectfully submitted,

DATED: August 15, 2018               s/ Nathan D. Painter
                                                   Nathan D. Painter (0076274)
                                                   PAINTER & ASSOCIATES, LLC
                                                   5123 Norwich St., Ste. 200
                                                   Hilliard, Ohio 43026
                                                   Phone: 614.319.3306
                                                   Fax: 614.594.7170
                                                   Email: nathan@painterandassociates.com
                                                   *Local Counsel for Defendant*


                                                   s/ William R. Restis
                                                   William R. Restis, Esq.
                                                   THE RESTIS LAW FIRM, P.C.
                                                   (*pro hac vice requested*)
                                                   550 West C Street, Suite 1760
                                                   San Diego, CA 92101
                                                   Tel: +1.619.270.8383
                                                   Email: william@restislaw.com
                                                   *Trial Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2018, the foregoing Appearance of Counsel was filed electronically with the Southern District of Ohio. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's filing system. Parties who do not receive filing via the Court's electronic filing system will receive a copy by regular U.S. mail

      /s/Nathan D. Painter
Nathan D. Painter (0076274)